HELEN M. LIGHT, Petitioner v. COMMISSIONER OF INTERNAL Revenue, Respondent
Light v. Commissioner
Docket No. 38173-85.
United States Tax Court
T.C. Memo 1987-173; 1987 Tax Ct. Memo LEXIS 169; 53 T.C.M. (CCH) 497; T.C.M. (RIA) 87173; March 30, 1987. Helen M. Light, pro se. Michael Urban, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge:[1] Respondent determined a $3,521 deficiency in petitioner's 1982 Federal income tax. Respondent also determined additions to the tax under sections 6651(a)(1), [2] 6653(a)(1), 6653(a)(2) [3] and 6654. Petitioner and her husband, Robert L. Light, resided in Texas, a community property state, during the taxable year 1982 and when petitioner filed her petition herein. *171 The issues before us are whether petitioner, Helen M. Light, failed to fully report as gross income her one-half share of the community income she and her husband received during the taxable year 1982 and whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1), 6653(a)(1), 6653(a)(2) and 6654. During the taxable year 1982, petitioner was employed by Reginald A. Goodman, DDS, Inc. and J. Kent Dezelle, DDS, Inc., from whom she received $3,950 and $1,200, respectively, and from which $111.30 and $130.50 was withheld, respectively. In addition, Robert L. Light received taxable income in the amount of $29,204.98. Neither petitioner nor her husband, however, filed a Federal income tax return for the taxable year 1982. Petitioner contends that she is liable for taxes only on the amount she earned. Respondent asserts, however, that since petitioner and her husband were domiciled in Texas, a community property state, one-half of the marriage community's income is taxable to her. Petitioner's liability for tax on income earned by her husband depends on how state law characterizes ownership of the income. United States v. Mitchell,403 U.S. 190, 197 (1971). *172 Under Texas law, income received by either the husband or wife during marriage is generally community income which belongs equally to both of them. See Tex. Const. art. XVI, § 15; Tex. Fam. Code Ann. § 5.01 (Vernon 1975). Absent evidence to the contrary, it appears that the wages and other income received by Mr. Light in 1982 are community income. It is well settled that under these circumstances, each spouse must report and is liable for income tax on one-half of the total community income. United States v. Mitchell,supra;Poe v. Seaborn,282 U.S. 101, 109 (1930); see Sanders v. Commissioner,T.C. Memo. 1986-26; Fleming v. Commissioner,T.C. Memo. 1984-130. Accordingly, we hold that petitioner should have reported and is liable for income tax on one-half of the income realized by her husband, as determined by respondent. The burden of proving that the imposition of an addition to tax is erroneous rests upon petitioner. Rule 142(a); see Enoch v. Commissioner,57 T.C. 781, 802 (1972). Neither petitioner nor her husband filed a return for 1982. Petitioner has not met her burden of proof *173 in showing that her failure to file was due to reasonable cause and not due to willful neglect. Section 6651(a)(1). Petitioner has also not met her burden of proof with respect to the additions to tax determined by respondent under sections 6653(a)(1) and (2). Petitioner offered no evidence of any effort or attempt on her part to obtain information from her husband about the amount of income he earned in 1982, and she certainly has not explained her failure to file a return reporting the share of community property income paid for her services. We appreciate that petitioner may have been unaware of all of the federal income tax consequences of living in a community property state, but we will not ameliorate, for that reason alone, the sections 6651 and 6653 additions to tax. Petitioner simply made no effort to comply with the duties imposed upon her by law. This conduct does not satisfy the ordinary care and prudence standard that is implicit in those statutory provisions. See United States v. Boyle,469 U.S. 241 (1985). Petitioner has also not shown that she is exempt from the addition to tax under section 6654. See section 6654(c). Accordingly, petitioner *174 is liable for this addition to tax as well. Decision will be entered for the respondent.
Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rules 180 et seq. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided. ↩
3. To be computed on an underpayment of $3,521.↩